IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARK MCCOOL, SHAWN MACDONALD, AND WARREN HARLAN, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>AHS MANAGEMENT COMPANY, INC., et al.,<br><br>   Defendants. | NO. 3:19-cv-01158<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE FRENSLEY |

## MEMORANDUM

Pending before the Court is Plaintiffs' Motion for Class Certification. (Doc. No. 98). Defendants filed a response in opposition (Doc. No. 107), and Plaintiffs filed a reply (Doc. No. 112). Also before the Court is Plaintiffs' Notice of Supplemental Authority (Doc. No. 125), to which Defendants did not respond. For the reasons set forth more fully below, Plaintiffs' Motion for Class Certification will be **GRANTED**.

### I. BACKGROUND

The allegations underlying this litigation are set forth in detail in this Court's prior Memorandum concerning Defendants' motion to dismiss. *See McCool v. AHS Mgmt. Co., Inc.*, No. 3:19-CV-01158, 2021 WL 826756 (M.D. Tenn. Mar. 4, 2021). The case arises under the Employee Retirement Income Security Act ("ERISA") and alleges breach of fiduciary duties by Defendants in relation to the Ardent Health Services Retirement Savings Plan (the "Plan"). Plaintiffs brought the action, pursuant to 29 U.S.C. § 1132(a)(2), on behalf of the Plan. The

remaining claims are breach of fiduciary duties concerning selecting and monitoring Plan investments and recordkeeping fees (Count I) and failing to monitor other fiduciaries (Count II).

Plaintiff seeks to certify a class of all participants and beneficiaries of the Plan, excluding Defendants and their immediate family members, from December 24, 2013, through the date of any judgment in this case. Plaintiffs also move to be appointed class representatives and for their lawyers to be appointed as class counsel.

## II. STANDARDS GOVERNING CLASS CERTIFICATION

To certify a class, the Court must be satisfied that the requirements of Federal Rule of Civil Procedure 23(a) and at least one of Rule 23(b)'s provisions are met. *See Comcast v. Behrend*, 569 U.S. 27, 33-34 (2013).[1] Plaintiffs here seek certification under Rule 23(b)(1). The decision whether to certify a class is committed to the sound discretion of the district judge and turns on the particular facts and circumstances of each individual case. *See In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013).

Rule 23(a) establishes four requirements for class certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Rule 23(b)(1) allows certification if "prosecuting separate actions by or against individual class members would create a risk of" either:

> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interest of the other members not parties to the individual adjudications or

---

[1] The Court has already found Plaintiffs have constitutional standing. (Doc. No. 88 at 5-7).

2

> would substantially impair or impede their ability to protect their interests.

Fed. R. Civ. P. 23(b)(1). Plaintiffs bear the burden of showing that the requirements for class certification are met. *Bridging Communities Inc. v. Top Flite Fin. Inc.*, 843 F.3d 1119, 1124 (6th Cir. 2016).

### III.   ANALYSIS

#### A. Rule 23(a)

##### 1. Numerosity

To satisfy the numerosity requirement, Plaintiffs must show that the numerosity of injured persons makes joinder of all class members impracticable. Fed. R. Civ. P. 23(a)(1). "Generally, the number of members of the proposed class, if more than several hundred, easily satisfies the requirements of Rule 23(a)(1)." *Hosp. Auth. of Metro. Gov't of Nashville & Davidson Cnty., Tennessee v. Momenta Pharms., Inc.*, 333 F.R.D. 390, 403 (M.D. Tenn. 2019) (citing *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004); *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 n. 1 (6th Cir. 1997) (joinder of parties impracticable for class with over 1100 members and "[t]o reach this conclusion is to state the obvious")). Defendants do not dispute that Plaintiffs satisfy the numerosity requirement. (Doc. No. 107 at 9 n.1). Given that there are more than twenty-thousand participants in the Plan, joinder is impracticable and the requirements of Rule 23(a)(1) are met.

##### 2. Commonality

The second requirement for class certification is that there be questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). To demonstrate commonality, Plaintiffs must show that class members have suffered the same injury. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011). "What matters to the commonality requirement of class certification is the capacity

3

of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Cassell v. Vanderbilt Univ.*, No. 3:16-CV-2086, 2018 WL 5264640, at *4 (M.D. Tenn. Oct. 23, 2018) (citing *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2551; *Davis v. Cintas Corp.*, 717 F.3d 476, 485 (6th Cir. 2013)). Here, the questions of law and fact regarding Defendants' conduct are common to all potential class members. Particularly where, as here, the named Plaintiffs bring the action on behalf of the Plan, common answers are apt to drive the resolution of this litigation.[2] Defendants do not assert otherwise. (Doc. No. 107 at 9 n.1). The fiduciary duties at issue were duties to the Plan; any breach of those duties would affect the Plan, its participants and its beneficiaries. *See Cassell*, 2018 WL 5264640, at *4.

  3. <u>Typicality</u>

"Rule 23(a)(3) requires proof that plaintiffs' claims are typical of the class members' claims." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 542 (6th Cir. 2012). "Typicality is met if the class member's claims are 'fairly encompassed by the named plaintiffs' claims.'" *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 852 (6th Cir. 2013) (quoting *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 399 (6th Cir. 1998)). "This requirement insures that the representatives' interests are aligned with the interests of the represented class members so that, by pursuing their own interests, the class representatives also advocate the interests of the class members." *Id*. at 852–53.

A plaintiff's claims generally will be "typical" of the class's when all of them arise from the same "course of conduct" and assert the "same legal theory." *Doster v. Kendall*, 54 F.4th 398, 438 (6th Cir. 2022) (citations omitted); *see also Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) ("for the district court to conclude that the typicality requirement is satisfied, a

---

[2] Common questions include whether Defendants were fiduciaries, whether Defendants breached their fiduciary duties, and, if so, what losses resulted to the Plan. *See Cassell*, 2018 WL 5264640, at *4.

4

representative's claim need not always involve the same facts or law, provided there is a common element of fact or law.") (citation and internal quotations omitted). As with commonality, the named Plaintiffs' claims arise from the same alleged misconduct by Defendants as the potential class members and are based upon the same legal theories concerning alleged breaches of fiduciary duties. *See Doster*, 54 F.4th at 438. Plaintiffs' proof of breach and causation will focus on the same course of conduct that gives rise to the claims of other class members, namely the conduct of the defendant-fiduciaries, and not the individual acts of the class members. The typicality requirement is satisfied.

Defendants argue that their statute of limitations defense against Shawn MacDonald's and Warren Harlan's investment options claims in Count I "defeats typicality." (*See* Doc. No. 107 at 21-23). If Harlan or MacDonald had actual knowledge of the facts giving rise to the alleged breach three years before the complaint was filed, Defendants argue, their claims are time-barred. According to Defendants, Harlan and MacDonald had actual knowledge of the underlying facts because quarterly performance summaries disclosed the fees and expenses associated with the investment alternatives. Plaintiffs respond that mere receipt of plan documents does not create actual knowledge, and that Defendants have deposed MacDonald and Harlan and cannot show actual knowledge under the standard established in *Intel Corp. Inv. Pol'y Comm. v. Sulyma*, 140 S. Ct. 768, 777 (2020). (Doc. No. 112 at 6-7). Moreover, Plaintiffs submit that because their claims are representative in nature, any potential statute of limitations defense will not preclude plan-wide relief. The Court agrees. *See Sacerdote v. New York Univ.*, No. 16-CV-6284 (KBF), 2018 WL 840364, at *7 (S.D.N.Y. Feb. 13, 2018) ("Mere receipt of the quarterly performance summaries does not demonstrate actual knowledge; moreover, these are plan-wide communications required by ERISA, rather than individualized conversations or notifications. A common question to the

5

Case 3:19-cv-01158   Document 129   Filed 03/30/23   Page 5 of 8 PageID #: 5737

class is whether the facts in those documents are sufficient to establish actual knowledge of the breach; it will not be an individualized inquiry. As such, this defense is not sufficient to defeat the motion for class certification.).

    4. Adequacy of Representation

Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). Defendants challenge Plaintiffs' ability to meet the requirements of Fed. R. Civ. P. 23(a)(4) due to intra-class conflict and lack of knowledge about the class action. (*See* Doc. No. 107 at 9-20).

Defendants posit that Plan participants who invested during different periods did not experience poor performance or suffer injury, and, thus, inclusion of these individuals in the class would create conflict. (*See* Doc. No. 107 at 9-14). The Court disagrees. The putative class representatives are current or former participants in the Plan who allege that defendants breached their fiduciary duties under ERISA by failing to monitor the fees and performance of the Plan's investments as well as the other fiduciaries. The fact that some members of the class suffered losses when others may have experienced gains is an issue that will be resolved at the damages stage rather than during class certification. *See Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 562 (6th Cir. 2007); *Bittinger v. Tecumseh Prod. Co.*, 123 F.3d 877, 884-85 (6th Cir. 1997). Moreover, participants who reaped gains still would have been injured by excessive fees. The interests of the named plaintiffs are sufficiently aligned with those of the class members to satisfy the first prong of the adequacy requirement. *See Shirk v. Fifth Third Bancorp*, No. 05-CV-049, 2008 WL 4425535, at *3 (S.D. Ohio Sept. 30, 2008).

"A court may deny class certification when class representatives have so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys." *Cassell v. Vanderbilt Univ.*, No. 3:16-CV-2086, 2018 WL 5264640, at *5 (M.D. Tenn. Oct. 23, 2018). "However, it is well established that a named plaintiff's lack of knowledge and understanding of the case is insufficient to deny class certification unless his ignorance unduly impacts his ability to vigorously prosecute the action." *Id*. "The burden in demonstrating that the class representative meets this standard is not difficult." *Id*.

Plaintiffs have expressed their willingness to prosecute this case by filing suit and beginning the litigation process through initial disclosures, responding to a Motion to Dismiss and participating in case management. All Plaintiffs have been deposed, and all Plaintiffs have filed Declarations in support of this Motion for Class Certification (Doc. Nos. 100-4 - 100-6). Moreover, Plaintiffs' counsel have shown themselves to be willing and able to vigorously represent the interests of their clients.

As for Plaintiffs' understanding of the case, "the complex nature of ERISA fiduciary breach claims requires investors to rely on their attorneys and hired experts, and such reliance does not make the plaintiffs inadequate representatives." *Cassell*, 2018 WL 5264640 at *5. "In a complex lawsuit, such as one in which the defendant's liability can be established only after a great deal of investigation and discovery by counsel against a background of legal knowledge, the representative need not have extensive knowledge of the facts of the case in order to be an adequate representative." *Id*. (citations omitted).

The Court finds that Plaintiffs are adequate representatives in this case. Their lack of specific knowledge about this complex case does not bar class certification. Accordingly, Plaintiffs

Mark McCool, Shawn MacDonald, and Warren Harlan will be appointed class representatives in this action. In addition, Plaintiffs' counsel, Capozzi Adler, P.C., are qualified and experienced in ERISA fiduciary duty cases and will be appointed as class counsel.

### B. Rule 23(b)(1)

Plaintiffs move to certify the class under Rule 23(b)(1) and argue both sections (A) and (B) are satisfied in this case. Defendants do not argue otherwise. The Court finds both subsections of Rule 23(b)(1) are met. First, as to subsection (A), Defendants owe fiduciary duties to the Plan and therefore, separate lawsuits by individual Plan participants could establish incompatible standards governing Defendants' conduct. For example, Defendants could face differing adjudications regarding the prudent process for determining reasonable recordkeeping fees and investment alternatives. As to subsection (B), because Plaintiffs seek Plan-wide relief, adjudication of Plaintiffs' claims would be dispositive of the interest of all plan participants.

With that, Plaintiffs have carried their burden in establishing that their proposed class should be certified under Rule 23(a) and (b)(1) of the Federal Rules of Civil Procedure.

### IV. CONCLUSION

For all the foregoing reasons, Plaintiffs' Motion for Class Certification (Doc. No. 98) will be granted. The Court will certify a class of all participants and beneficiaries of the Plan, excluding Defendants and their immediate family members, from December 24, 2013, through the date of any judgment in this case.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE